IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

MAR 21 2017

| | |
|---|---|
| Jerome Pulley, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | 1:16cv1065 (LO/JFA) |
| ) | |
| Harold Clarke, ) | |
|     Respondent. ) | |

<u>MEMORANDUM OPINION</u>

Jerome Pulley, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions entered in the Circuit Court for Prince William County. Respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits. Dkt. Nos. 6-8. Petitioner filed a Response to Respondent's Brief in Support of Rule 5 Answer and Motion to Dismiss. Dkt. No. 10. For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice.

**I. Background**

Petitioner is detained pursuant to a final judgment of the Circuit Court for Prince William County, entered September 18, 2014. Record No. 151915. Pursuant to a bench trial, petitioner was convicted of four counts of aggravated sexual battery in violation of Virginia Code § 18.2-67.3, two counts of indecent liberty in violation of Virginia Code § 18.2-370.1, two counts of inanimate object penetration in violation of Virginia Code § 18.2-67.2, and two counts of forcible sodomy in violation of Virginia Code § 18.2-67.1. Id. He was sentenced to three hundred and ninety years imprisonment, with two hundred and ten years suspended. Id.

After petitioner was convicted, he moved for the appointment of different counsel for appeal. Id. The trial court denied petitioner's motion, and trial counsel, Robert Gregory, was assigned as court appointed appellate counsel. Id. Petitioner pursued a direct appeal to the Court of Appeals of Virginia where Gregory filed a brief and a motion to withdraw as counsel pursuant to Anders v. California, 386 U.S. 738 (1967) and Akbar v. Commonwealth, 7 Va. App. 631 (1989). Record No. 1842-14-4. In the brief, Gregory listed "areas in the record that might arguably support the instant petition for appeal." Id. Gregory also filed several motions for an extension of time for petitioner to file a pro se supplemental petition for appeal, each of which was granted by the Court of Appeals of Virginia. Id. Ultimately, petitioner was granted until June 15, 2015, to file his pro se supplemental petition for appeal. Id.

Prior to June 15, 2015, petitioner retained attorney John Sheldon to represent him on appeal. Record No. 151915. Gregory gave a copy of petitioner's casefile and transcripts to Sheldon; however, Sheldon stopped representing petitioner when petitioner was unable to pay the fees,[1] and petitioner never filed a supplemental pro se petition for appeal in the Court of Appeals of Virginia. Id. By Order dated August 19, 2015, the petition for appeal was denied and Gregory's motion to withdraw was granted. Id.

Petitioner did not file a direct appeal to the Supreme Court of Virginia. On November 4, 2015, petitioner sent a letter to Gregory requesting a copy of his casefile and transcripts. Record No. 151915. On November 15, 2015, Gregory responded to petitioner stating that he would send the documents requested, and that he had already sent these documents to "attorney Sheldon at his and [petitioner's] request." Id.

---

[1] Sheldon never noted his appearance in petitioner's appeal in the Court of Appeals of Virginia.

2

After pursuing his direct appeal, petitioner timely filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. Petitioner asserted the following claims in his state habeas petition.

- Two claims that trial counsel was ineffective due to conflicts of interest.

- The trial court erred in denying petitioner's motion for new trial counsel.

- The trial court erred in denying petitioner's motion for new "conflict-free" appellate counsel.

- Petitioner was denied effective assistance of counsel when Gregory failed to provide him with his casefile and transcripts which were necessary for petitioner's pending appeal.

- Petitioner was denied effective assistance of counsel when Sheldon failed to provide him with his casefile and transcripts which were necessary for petitioner's pending appeal.

Id. Attached to the Commonwealth's motion to dismiss filed in the Supreme Court of Virginia was an affidavit of Gregory. In the affidavit, Gregory stated that

> the only request that [he] received for transcripts during the pendency of the appeal was a request to send the transcripts to [] Sheldon. This was done. [He] ... received subsequent request[s] for the transcript from [petitioner]. They were packed and mailed to [petitioner], but the[y] were refused and returned to [Gregory] as "unordered." [Gregory] wrote to [petitioner] to ask for an explanation, but he refused [Gregory's] letter.

Id. The Supreme Court of Virginia denied the habeas corpus petition by Order dated July 5, 2016. Id.

On August 7, 2016, petitioner filed the instant federal petition, wherein he challenges his convictions on the following three grounds.

> Claim One: Petitioner ... was deprived of a full and fair direct appellate review of his trial, convictions, and sentences in violation of his [First, Sixth, and Fourteenth] Amendment Rights by the trial court's refusal to grant his request/demand for the substitution and appointment of a new conflict-free appellate attorney to prepare and file his petition for appeal to the Virginia Appellate Court System.

3

>Claim Two: Petitioner ... was deprived of his constitutional rights to prepare and have a full and fair direct appellate review of his trial, conviction(s), and sentencing by the ineffective assistance of his appellate counsel, who failed to provide him with the relevant trial transcripts necessary for his pending appeal after withdrawing from the case, in violation of his [First, Sixth, and Fourteenth] Amendment Rights.
>
>Claim Three: Petitioner ... was deprived of his constitutional rights to have had a full and fair direct appellate review of his trial and sentencing by the ineffective assistance of counsel who refused and failed to turnover [sic] his casefile and relevant trial and sentencing transcripts necessary for his pending direct appeal in violation of his [First, Sixth, and Fourteenth] Amendment Rights.

Dkt. No. 1.

## II. Procedural Bar

Where a state court has made an express determination of procedural default, the state court's finding is entitled to a presumption of correctness, provided two foundational requirements are met. See 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

The state habeas court held that petitioner's first claim was "barred because this non-jurisdictional issue could have been raised on direct appeal and, thus, it is not cognizable in a petition for a writ of habeas corpus." Record No. 151951 (citing Slayton v. Parrigan, 215 Va. 27, 29 (1974), cert. denied, 419 U.S. 1108 (1975)). The Fourth Circuit has consistently held that

"the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, the Supreme Court of Virginia's express finding that Slayton barred review of petitioner's first claim also precludes federal review of this claim, absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Clanton, 845 F.2d at 1241; Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. In his response to the Motion to Dismiss, petitioner does not address his first claim.[2] Therefore, because petitioner has made no argument establishing either the cause or prejudice requirement, or demonstrating his actual innocence, Claim One is defaulted and will be dismissed.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas corpus petition, a federal court may not grant the petition on that particular claim unless the state court's adjudication was contrary to, or an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts presented at the trial. 28 U.S.C. § 2254(d)(1)-(2). This test erects a "formidable barrier to federal habeas relief" for claims adjudicated on the merits. Burt v. Titlow, 134 S. Ct. 10, 16 (2013). Under this standard, for a state prisoner to obtain habeas relief, he "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well

---

[2] In fact, petitioner does not discuss his first claim in any pleading.

5

understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based upon an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination violates the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. When reviewing the state court's findings, the federal court is limited to the record before the state court at the time of the decision. See Cullen v. Pinholster, 563 U.S. 170 (2011).

Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Importantly, this standard of reasonableness is an objective one, and does not allow a federal court to review simply for plain error. Id. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003). In addition, a federal court should review the state court determination with deference; a federal court cannot grant the writ simply because it concludes that the state court incorrectly determined the legal standard. See Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002). A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

## IV. Analysis

To prevail on an ineffective assistance of counsel claim, a petitioner must meet the two-pronged test established in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Under this test, a petitioner must prove both that his attorney's performance was so deficient "that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and that this performance prejudiced the outcome of petitioner's trial. <u>Strickland</u>, 466 U.S. at 687. To meet the second prong, petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. The two prongs, deficient performance and prejudice, constitute "separate and distinct elements." <u>Spencer v. Murray</u>, 18 F.3d 229, 233 (4th Cir. 1994). Therefore, a court can appropriately dismiss an ineffective assistance of counsel claim on either prong. <u>Strickland</u>, 466 U.S. at 697; <u>see also</u> <u>Bell v. Cone</u>, 535 U.S. 685, 695 (2002) (internal citations omitted) ("Without proof of both deficient performance and prejudice to the defendant, we concluded it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand"). A court reviewing a claim of ineffective assistance of counsel must presume that counsel acted competently, and should determine the merits of the claim based on the information available to the attorney at the time of the trial. <u>See, e.g.</u>, <u>Bell</u>, 535 U.S. at 695; <u>Burket v. Angelone</u>, 208 F.3d 172, 189 (4th Cir. 2000).

The state habeas court dismissed petitioner's second and third claims, holding that he failed to satisfy the prejudice prong of the <u>Strickland</u> test. Specifically, the state habeas court found that,

> [a]ssuming without deciding counsel may render deficient performance by not timely complying with a client's request for his case file so that he may prepare

> his supplemental petition for appeal, petitioner has failed to articulate any claim, potentially meritorious or otherwise, he might have raised in a pro se appellate petition. Thus, petitioner has failed to demonstrate that, but for counsel's alleged errors, the result of the proceeding would have been different. See United States v. Basham, 789 F.3d 358, 382-89 & n.14 (4th Cir. 2015) (declining to determine whether counsel rendered deficient performance when he failed to provide his former client's appellate counsel with the case file because there was no evidence counsel's neglect caused appellate counsel to miss any potentially meritorious issue for appeal).

Record No. 151915.

> Petitioner argues that his second and third claims
>
> [d]erive from the fact that he was denied and deprived of his fundamental constitutional rights to have been provided with his trial transcripts in order for him to have perfected and filed a pro se appellate brief in a timely manner after his appellate counsel filed an Anders brief and withdrew from his case pending appeal. A second appellate counsel also refused his transcripts [sic].

Dkt. No. 3. Petitioner goes on to argue that the state habeas court denied his claims despite "being shown clear evidence of the fact that he had been denied his rights to his trial transcripts so that he could prepare and file a [pro se] appellate brief ...." Id. Accordingly, petitioner asserts, the state habeas court's dismissal was an unreasonable application of Strickland because counsels' failure to provide petitioner with his transcripts meets the deficiency prong. Id. Finally, petitioner argues that the state habeas court's finding that petitioner failed to satisfy the prejudice prong of the Strickland test is based on a misplaced reliance on Basham and is contrary to the holding in Rodriguez v. United States, 395 U.S. 327 (1969). Dkt. No. 10.

Petitioner is incorrect that Basham is distinguishable. In Basham, the Fourth Circuit held that the petitioner had not established that he was prejudiced by his counsel's "refusal to surrender possession of the file" because petitioner "had not identified any particular argument that appellate counsel failed to raise because [prior counsel] retained the physical file." Basham, 789 F.3d at 388. The Fourth Circuit also held that the petitioner was unable to "show a

8

reasonable probability that the result of the proceedings would have been different" where the record established that "Basham's appellate lawyers made deliberate and considered decisions in selecting which claims to pursue" on appeal. Id. at 389.

Here, the record establishes that, on direct appeal, Gregory filed a brief in which he listed areas in the record that could have arguably supported the petition for appeal in the Court of Appeals of Virginia. Like in Basham, petitioner has not identified other claims that could have been raised if he had been given access to the transcripts and casefile. Accordingly, petitioner has not established that there is a reasonable probability that, but for Gregory and Sheldon's refusal to give petitioner his casefile and transcripts, the result of his petition for appeal would have been different. Finally, the holdings in Basham were in no way based on the fact that Basham had appellate counsel. Thus, the fact that petitioner is proceeding pro se does not make Basham distinguishable.

Petitioner's reliance on Rodriguez is misplaced as it is inapposite. Rodriguez was initially denied habeas relief for his trial counsel's failure to timely file a direct appeal because he did not "disclose what errors [he] would raise on appeal and to demonstrate that denial of an appeal had caused prejudice." Rodriguez, 395 U.S. at 329. The United States Supreme Court reversed, holding that "[t]hose whose right to appeal has been frustrated should be treated exactly like any other appellants; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings." Id. at 330. Here, however, petitioner's right to appeal was not frustrated, and he was not in the same position as Rodriguez, because his appeal was timely filed. Therefore, Rodriguez is distinguishable.

Accordingly, the state habeas court's determination that petitioner failed to establish the prejudice prong of the Strickland test is neither contrary to, nor an unreasonable application of,

9

existing federal law. The state habeas court's determination also does not rest on an unreasonable finding of fact. Accordingly, the state habeas court's ruling is entitled to deference and Claims Two and Three will be dismissed.

## V. Conclusion

Petitioner's Claim One is procedurally barred. As to Claims Two and Three, nothing in the state court record indicates that the state court decision was either contrary to, or an unreasonable application of, clearly established federal law, nor did the decision involve an unreasonable determination of the facts. Accordingly, this petition will be dismissed, with prejudice, by an Order to be issued with this Memorandum Opinion.

Entered this 21st day of March 2017.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge